*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 25, 2016                D-49-16

_____

In the Matter of JAMES R.
   HICKEY JR., a Deceased
   Attorney.

                                            MEMORANDUM AND ORDER

(Attorney Registration No. 2009348)

_____

Calendar Date:  August 8, 2016

Before:  Lahtinen, J.P., McCarthy, Lynch, Devine and Aarons, JJ.

_____

      Khandikile Patricia Mvunga Sokoni, Tompkins County Bar
Association, Ithaca, for Tompkins County Bar Association.

_____

Per Curiam.

      James R. Hickey Jr. (hereinafter decedent) was admitted to
practice by this Court in 1980.  He maintained an office for the
practice of law in the City of Ithaca, Tompkins County.

      Decedent died intestate on July 14, 2016 without any plan
in place for the continuity of his solo law practice.  The
Tompkins County Bar Association (hereinafter TCBA) now
accordingly moves pursuant to Rules of the Appellate Division,
Third Department (22 NYCRR) § 806.11 for an order appointing one
or more attorneys as custodian of the files of decedent's clients
for the purpose of protecting the interests of those clients.
TCBA also moves pursuant to Rules of Professional Conduct (22
NYCRR 1200.0) rule 1.15 (g) for the appointment of an attorney to
serve as successor signatory to decedent's law office and escrow
bank accounts.  Both the Committee on Professional Standards and
the Lawyers' Fund for Client Protection advise that they do not
oppose the motion.  The Committee additionally indicates that the

requested relief would serve to protect the public.

Under the particular circumstances presented, we grant the motion to the extent that TCBA is hereby appointed the limited custodian of decedent's law office files (see generally Matter of Van Zandt, 53 AD3d 982 [2008]). That part of the application seeking the appointment of a successor signatory for decedent's law office and escrow bank accounts is denied, without prejudice to the appropriate application being made to a Justice of the Supreme Court within the Sixth Judicial District (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [g] [2]).

Lahtinen, J.P., McCarthy, Lynch, Devine and Aarons, JJ., concur.

ORDERED that the motion by the Tompkins County Bar Association is granted to the extent that it is appointed limited custodian of the files of the clients of decedent for the purpose of taking possession and examining decedent's files and taking such action as deemed proper and advisable to notify decedent's clients of decedent's death and to protect the interests of decedent's clients, including, where necessary, the release of the files to decedent's clients upon appropriate request of the client and/or the client's new counsel; and it is further

ORDERED that the Tompkins County Bar Association shall comply with the provisions of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.11, including refraining from the disclosure of any information contained in the client files so examined without the consent of the client to whom such file relates, except as may be necessary to carry out the provisions of this order; and it is further

ORDERED that, if necessary, the Tompkins County Bar Association may apply to this Court for appropriate instructions regarding the proper discharge of its duties as limited custodian; and it is further

ORDERED that so much of the Tompkins County Bar

Association's motion seeking appointment of a successor signatory to decedent's law office files and escrow bank accounts is denied, without prejudice to an appropriate application being made to a Justice of the Supreme Court within the Sixth Judicial District; and it is further

ORDERED that, upon application of the Tompkins County Bar Association, this Court may determine and award compensation and costs incurred in connection with this order; and it is further

ORDERED that, within 45 days of the entry date of this order, the Tompkins County Bar Association shall submit a status report to this Court setting forth all actions taken pursuant to the authority set forth in this order, which shall include the name and address of each client and the disposition of each client's file.

ENTER:

Robert D. Mayberger
Clerk of the Court